# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RUBEN MARTINEZ-CASTRO, | CASE NO. 1:20-CV-02153-CEF |
| Petitioner, | JUDGE CHARLES E. FLEMING |
| | UNITED STATES DISTRICT JUDGE |
| v. | |
| | MAGISTRATE JUDGE |
| ED SHELDON, Warden, | JENNIFER DOWDELL |
| | ARMSTRONG |
| Respondent. | |
| | **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Now pending is Petitioner Ruben Martinez-Castro's ("Petitioner") second "Motion for Stay and Abeyance" ("Second Motion to Stay") (ECF Doc. No. 13), and a "Motion for Leave to Amend and Supplement Petitioner's Habeas Petition" ("Motion to Amend") (ECF Doc. No. 14). Respondent Kenneth Black[1] has not opposed Petitioner's Motions. This matter is before me pursuant to U.S. District Court Judge Charles E. Fleming's order of referral for a preparation of a Report and Recommendation on the pending motions. (*See* ECF Doc. No. 3, ECF non-document order dated 09/02/2022). For the reasons set forth below, the undersigned RECOMMENDS that the Court DENY Petitioner's Second Motion to Stay as moot, and DENY Petitioner's Motion to Amend.

## II. RELEVANT BACKGROUND

### A. Petitioner's First Motion to Stay

Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2254 on September 23, 2020.

---

[1] As noted in Petitioner's Motions, Kenneth Black is the current warden of the Richland Correctional Institution and should be substituted for Ed Sheldon as the proper Respondent in this matter. (ECF Doc Nos. 13, 14); *see* https://drc.ohio.gov/rici, last accessed November 2, 2022; 28 U.S.C.§ 2243 ("The writ . . . shall be directed to the person having custody of the person detained.").

1

(ECF Doc. No. 1), asserting that his state court conviction was not supported by sufficient evidence, which violated his constitutional rights. (*Id.* at PageID # 5). Respondent filed a Return of Writ (ECF Doc. No. 7), and Petitioner filed a Traverse (ECF Doc. No. 8).

On July 22, 2021, Petitioner filed a "Motion for Stay and Abeyance" ("First Motion to Stay"). (ECF Doc. No. 9). In it, Petitioner asserted that: (1) on October 23, 2019 (*i.e.*, before he filed his habeas petition) he filed a delayed application for reopening in the state appellate court based upon his appellate counsel's ineffective assistance (*id.* at PageID # 522; ECF Doc. No. 7-2, PageID # 180); (2) his ineffective assistance claim was premised upon his appellate counsel's failure to challenge on direct appeal the lawfulness of the underlying traffic stop that led to his drug-related convictions (*id.*); (3) the appellate court denied his delayed application for reopening on December 12, 2019, but he never received a copy of that journal entry (ECF Doc. No. 9, PageID # 523; ECF Doc. No. 7-2, PageID # 204-05); and (4) he was waiting on the appellate court to vacate and reissue the December 12, 2019, journal entry so that he could pursue a timely appeal of that decision in the Ohio Supreme Court (ECF Doc. No. 9, PageID # 524-26). Petitioner, therefore, requested that the Court stay his federal habeas case while he exhausted his state court remedies related to his application for reopening. (*Id.* at PageID # 526).

In response, Respondent argued that: (1) the only ground raised in Petitioner's habeas petition (*i.e.*, sufficiency of the evidence) was exhausted and, therefore, a stay was not warranted (ECF Doc. No. 10, PageID # 528-29); (2) to the extent Petitioner's First Motion to Stay was premised upon an unexhausted Fourth Amendment challenge to the traffic stop, such claims are not cognizable on habeas review (*id.* at PageID # 529); (3) any habeas claim premised upon ineffective assistance of appellate counsel for not raising the Fourth Amendment claim on direct appeal is not potentially meritorious and is procedurally defaulted (*id.*); and (4) any amended claim of ineffective assistance of appellate counsel in Petitioner's habeas petition would be barred by

2

the one-year statute of limitations (*id.* at PageID # 534-35).

Then-Magistrate Judge William H. Baughman, Jr. denied Petitioner's First Motion to Stay on March 8, 2022. (ECF Doc. No. 12).

### B. Petitioner's Second Motion to Stay

On April 1, 2022, Petitioner filed his Second Motion to Stay. (ECF Doc. No. 13). In it, Petitioner asserts that the state appellate court vacated and reissued the December 10, 2019, journal entry that denied his application for reopening as untimely, and that he appealed that decision to the Ohio Supreme Court. (*Id.* at PageID # 559). Petitioner, therefore, requests a stay until May 30, 2022, so that the Ohio Supreme Court can rule on his appeal. (*Id.* at PageID # 555, 559).

### C. Petitioner's Motion to Amend

On May 26, 2022, Petitioner filed a Motion to Amend. (ECF Doc. No. 14). In it, Petitioner asserts that the Ohio Supreme Court declined to exercise jurisdiction of his appeal regarding the denial of his delayed application for reopening, and that he has now exhausted his state court remedies with respect to his claim for ineffective assistance of appellate counsel. (*Id.* at PageID # 566). Petitioner, therefore, requests leave to amend and supplement his habeas petition with the following ground for relief:

> Appellate counsel's performance was deficient in violation of the Sixth Amendment to the U.S. Constitution, because he failed to assign as error on direct appeal the trial court's denial of Appellant's motion to suppress evidence.

(*Id.* at PageID # 563). As previously noted, Responded has not opposed Petitioner's Motion to Amend.

## III. LAW

### A. Motions to Amend

"The Federal Rules of Civil Procedure apply to motions to amend petitions for a writ of habeas corpus." *Spann v. Eppinger*, No. 1:15CV2424, 2018 WL 6721274, at *6 (N.D. Ohio Dec.

21, 2018) (quoting *Riley v. Taylor*, 62 F.3d 86, 89-90 (3d Cir. 1995)); *see* 28 U.S.C. § 2242 (stating that a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court, however, may justify denying leave to amend based upon the futility of the amendment. *Spann* at *6.

    **B.**    **Procedural Default**

Procedural default is "a critical failure to comply with state procedural law," *Trest v. Cain*, 522 U.S. 87, 89 (1997), resulting in a bar to federal habeas review unless the petitioner has a sufficient basis for having the default excused, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Significantly, "a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). "If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted." *Id.*

In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Id.* at 138.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a fundamental

miscarriage of justice if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753 (emphasis in original). "Then, to establish prejudice, the prisoner must show . . . that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)) (emphasis in original). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

 **C.** **Analysis**

  **1.** ***Petitioner's Second Motion for Stay***

As previously noted, Petitioner requested a stay until May 30, 2022, so that the Ohio Supreme Court can rule on his appeal. It is now past May 30, 2022, and the Ohio Supreme Court has declined to accept Petitioner's appeal for review. *See State v. Martinez-Castro*, 166 Ohio St. 3d 1498 (May 10, 2022). Accordingly, the Court should deny Petitioner's Second Motion to Stay as moot.

  **2.** ***Petitioner's Motion for Leave to Amend***

Here, the Ohio appellate court declined to reach the merits of Petitioner's delayed application for reopening because Petitioner did not establish good cause for the late filing. (ECF Doc. No. 7-2, PageID # 204-05). In reaching this conclusion, the Ohio appellate court relied upon Rule 26(B)(1) of the Ohio Rules of Appellate Procedure, which requires applicants to file applications for reopening "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." (ECF Doc. No. 7-2, PageID # 204, quoting Ohio App. R. 26(B)(1)). This procedural rule is an adequate and independent state ground that bars federal habeas relief. *Carr v. Warden, Lebanon Corr. Inst.*, 401 F. Appx. 34, 37

(6th Cir. 2010). Accordingly, the first three prongs under *Maupin* are satisfied. *Maupin*, 785 F.2d at 138.

The analysis now turns to the fourth prong under *Maupin*, *i.e.*, whether Petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Id.* Petitioner asserts that, "[a]s cause for his untimely filing, [he] asserted that Appellate counsel unsuccessfully pursued an appeal to [the Ohio Supreme Court] in the interim." (ECF Doc. No. 14, PageID # 565; *see* ECF Doc. No. 7-2, PageID # 205). An appeal to the Ohio Supreme Court, however, does not affect the ninety-day deadline for filing an application to reopening, nor does it establish good cause for a late filing. (ECF Doc. No. 7-2, PageID # 204-05, citing *State v. Maynard*, No. 11AP-697, 2013 WL 865483, 2013-Ohio-802, ¶ 8 (10th Dist. Ohio Mar. 7, 2013)). The Ohio appellate court held as much, and Petitioner has not otherwise explained how he is entitled to habeas review of his procedurally defaulted claim for ineffective assistance of appellate counsel.

As Petitioner has failed to demonstrate cause, the Court need not address the prejudice prong. *See Palmer v. Wainwright*, No. 1:19-CV-00102, 2022 WL 3575349, at *5 (N.D. Ohio Aug. 19, 2022) (citing *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007)) ("A petitioner must satisfy both prongs to overcome procedural default."). Thus, because Petitioner's proposed amendment would be futile, the undersigned recommends that the Court deny Petitioner's Motion to Amend (ECF Doc. No. 14). *See Spann*, 2018 WL 6721274, at *6

**IV.  RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that the Court: (1) DENY Petitioner's Second Motion to Stay as moot (ECF Doc. No. 13); (2) DENY Petitioner's Motion to Amend (ECF Doc. No. 14); and (3) substitute Kenneth Black, the current warden of the Richland Correctional Institution, as a proper Respondent in this case.

Dated: 11/3/2022                               *s/Jennifer Dowdell Armstrong*
                                                Jennifer Dowdell Armstrong
                                                U.S. Magistrate Judge

**V.     NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same

7

argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).